**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARQUETTE TRANSPORTATION COMPANY,** *et al.*        **CIVIL ACTION**

**VERSUS**                                              **No. 06-0826 c/w No. 06-827, No. 06-1281, & No. 06-1282**
                                                        **REF: ALL CASES**

**TRINITY MARINE PRODUCTS, INC.,** *et al.*             **SECTION: I/4**

### ORDER AND REASONS

Pending before the Court are the following motions: (1) two motions to transfer venue pursuant to 28 U.S.C. § 1412 and/or § 1404 filed on behalf of defendants, Trinity Industries, Inc. and Trinity Marine Products, Inc. (collectively "Trinity"),[1] and (2) a motion for remand pursuant to 28 U.S.C. § 1447 or abstention filed on behalf of plaintiffs, Marquette Transportation Company ("Marquette") and Iowa Fleeting Services, Inc. ("Iowa Fleeting");[2] and (3) another motion for remand or

---

[1] Rec. Doc. Nos. 9 and 68.  Trinity also filed two motions to strike certain statements filed by plaintiffs.  Rec. Doc. Nos. 17 and 69.  Because Rule 12(f) contemplates only striking "pleadings" as defined by the Federal Rules, *see* Rule 7(a), and because plaintiffs' statements are not pleadings, defendants' motions to strike are DENIED.
    To the extent defendants' motions to strike relate to plaintiffs' motions to remand, for the reasons that follow, this Court leaves the issues contained therein to the bankruptcy court upon the filing of a proper motion with that court.

[2] Rec. Doc. No. 8.

abstention filed on behalf of plaintiffs, Waxler Transportation Company, Inc. ("Waxler") and all others similarly situated.[3] For the following reasons, defendants' motions to transfer to the United States District Court for the Northern District of Illinois for reference to the bankruptcy court are **GRANTED.** The Court will leave the issues presented by plaintiffs' motions for remand/abstention to the bankruptcy court.

### *Background Facts and Procedural History*

These consolidated matters arise out of damage allegedly caused by the application of Duro-Seal, a wax-based coating, to plaintiffs' barges which were sold to plaintiffs by Trinity. Plaintiffs, Marquette, Iowa Fleeting and Waxler, allege that defendants, Trinity, Jotun Paints, Inc. and Jotun, Inc. (collectively "Jotun"), Lee Engineering Supply Company, Inc. ("Lee"), Molecular Architects, Inc. ("Molecular"), International Zinc, Coating & Chemical Corp. ("IZ" or the "debtor"), International Zinc Trading Corp., the Valspar Corp., and Polyset Chemical Co., Inc. "developed, manufactured, sold, licensed, distributed and/or marketed Duro-Seal and are liable *in solido*."[4]

---

[3] Rec. Doc. No. 67. Waxler is a Tennessee corporation with its principal place of business in Memphis, Tennessee. See Civ. A. No. 06-827, Rec. Doc. No. 1-1, p. 8, Class Action Petition for Damages. The *Waxler* action is a proposed class action while the *Marquette* action is an individual action.

[4] *See* Rec. Doc. No. 8, p. 2. Consolidated plaintiffs, ACF Acceptance Barge I, LLC (a Delaware LLC), Florida Marine Transporters, Inc. (a Delaware corporation with its principal place of business in Louisiana) and Jar Assets, Inc. (a Florida corporation with its principal place of business in Louisiana), made similar allegations against defendants, including Trinity Marine and Trinity

Plaintiffs further claim that in 1997, defendant-debtor IZ, who was involved in the early development of Duro-Seal, sold or licensed the manufacture of Duro-Seal to Valspar and that sometime thereafter, Valspar and Jotun entered into a joint venture to market the product.[5]

On March 7, 2003, plaintiff, Marquette, a Delaware corporation with its principal place of business in Kentucy, and plaintiff, Iowa Fleeting, a Delaware corporation with its principal place of business in Florida, filed a petition against the above-named defendants in the 25th Judicial District Court for Plaquemines Parish, Louisiana.[6]  Then, on February 15, 2006, nearly three years after plaintiffs had filed their state court petition, IZ voluntarily filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois.[7]  On February 16, 2006, upon receiving notice of IZ's filing of bankruptcy, Trinity removed the *Marquette* action pursuant to 28 U.S.C. § 1452.[8]

---

Industries.  No motion practice has occurred with respect to those consolidated actions as those plaintiffs have purportedly settled.

[5] Rec. Doc. No. 67-2, Waxler's memorandum in support of motion to remand, p.2.

[6] *See* Rec. Doc. No. 59, Trinity's supplemental memorandum in opposition to Marquette's motion to remand.

[7] *See* Rec. Doc. No. 59.  *See also International Zinc Coatings & Chemical Corp.*, 06-01373 (Bankr. N.D. Ill. 2006).

[8] 28 U.S.C. 1452(a) provides that a party may, in general, remove a "claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of

Trinity also removed the *Waxler* action (Civ. A. No. 06-827) based on IZ's bankruptcy petition, and on March 13, 2006, third-party defendants, Polyset Company, Inc. and Polyset Chemical Company, Inc., removed the *ACF* action (Civ. A. No. 06-1821) and the *Florida Marine* action (Civ. A. No. 06-1822) based on IZ's bankruptcy petition.

After removal, plaintiffs in *Marquette* and *Waxler* moved for remand, arguing that federal jurisdiction does not exist or, alternatively, for abstention. Trinity's motions to transfer and motions to strike quickly followed. After oral arguments were held with respect to all six of the pending motions but before the assigned district court judge rendered a decision, these cases were transferred to the undersigned for disposition.

### *Law and Analysis*

**I. *Jurisdiction***

These four consolidated cases were removed to federal court pursuant to 28 U.S.C. § 1452(a) based on their purported relatedness to the aforementioned Illinois bankruptcy proceeding.[9] Plaintiffs assert only state law claims for breach

---

such claim or cause of action under section 1334 of this title." 28 U.S.C. 1452(a) (non-applicable exceptions omitted).

[9] Pursuant to 28 U.S.C. § 1334, federal district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334(b). The criteria for § 1334 jurisdiction, *i.e.*, "arising under," "arising in," and "related to," "operate conjunctively to define the scope of jurisdiction." *In re United States Brass Corp.*, 301 F.3d 296, 303-04 (5th Cir. 2002) (citing *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987)).

of contract, breach of warranty, redhibition, and failure to disclose and/or fraudulent misrepresentation against defendants. Complete diversity between the parties is lacking.  Therefore, this Court's jurisdiction is not predicated on either section 1331, *i.e.*, federal question jurisdiction, or section 1332, *i.e.*, diversity jurisdiction, of Title 28 of the United States Code.

Plaintiffs argue that this Court must first determine whether subject matter jurisdiction over these cases exists prior to considering defendants' motions to transfer venue.  In fact, plaintiffs' opposition memoranda to defendants' motions to transfer reiterate large portions of the substance of their remand motions' supporting memoranda.[10]  However, because the jurisdictional question in this matter is necessarily intertwined with the pending bankruptcy proceedings, the Court finds that first considering defendants' transfer motions will serve the interest of judicial economy and that the bankruptcy court is best suited to resolve the issue of section 1334 jurisdiction.[11]

---

[10] Rec. Doc. No. 19, pp. 1-14.  Plaintiffs also argue that transfer should be denied because personal jurisdiction as to each defendant has not been established.  *See id.* at p. 16.  However, defendants' motions to transfer have been consented to by every defendant and the motions are only opposed by non-Louisiana plaintiffs, Marquette, Iowa Fleeting and Waxler.  *See* Rec. Doc No. 35.

[11] The dismissal of the IZ bankruptcy appears to be premised on two distinct legal arguments:  (1) IZ has not been a corporate entity for so long that legally it is not entitled to file for bankruptcy, and (2) IZ has no assets. While the propriety of dismissal is not before this Court, if the bankruptcy court determines that the IZ's bankruptcy should be dismissed because the debtor was never entitled to file for bankruptcy protection then it appears that removal jurisdiction based on the bankruptcy would not have been proper.  Because these are legal questions to be determined by the bankruptcy court, this Court leaves the issue of federal jurisdiction to the transferee court.

Furthermore, if at any time before a final judgment it is determined that subject matter jurisdiction is lacking, then these cases shall be remanded.[12]  *See* 28 U.S.C. § 1447(c).

## II. *Transfer of Venue*

Defendants cite 28 U.S.C. § 1412 and § 1404 as authority for their motions to transfer these cases to the bankruptcy court for the Northern District of Illinois.  Section 1412 allows a district court to "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412.  Section 1404(a) allows a district court to transfer any civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).

---

[12] The parties vociferously contend that the "weight of authority" supports their position:  (1) that jurisdiction must be determined before deciding the transfer motions or (2) that transfer to the bankruptcy court should occur so that the transferee court may decide the jurisdictional issue. *See Klett v. Pim*, 965 F.2d 587, 591 n.7 (8th Cir. 1992)(stating that "a court without subject matter jurisdiction cannot transfer a case to another court"); *cf. In re Allegheny, Educ. and Research Corp.*, No. 98-25773, 1999 WL 1033566 (Bankr. E.D. Pa. Nov. 10, 1999)("where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a); and (2) a Motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), the action should be transferred to the 'home' court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action").
    The Court recognizes that there is authority supporting the proposition that jurisdiction must be determined first as well as authority that it need not be determined prior to transfer.  However, no cited authority is binding precedent and the posture of these consolidated cases and the pending bankruptcy, in conjunction with its possible dismissal and the reasons therefor, favor transfer to the bankruptcy court before resolving the jurisdictional issue.

It is well settled that the decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is a matter within the trial court's discretion.  *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).  Section 1404(a) authorizes the transfer of a civil action from one federal forum in which the venue is proper to another federal forum in which venue is proper and "where it might have been brought," if the court determines that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a); *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L. Ed. 2d 945 (1964)(citing *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27, 80 S. Ct. 1470, 1474-75, 4 L. Ed. 2d 1540 (1960)).  Since the parties do not genuinely dispute[13] that these consolidated lawsuits were properly filed in Louisiana state court and removed to the Eastern District of Louisiana, as well as the fact that these lawsuits could have originally been filed in the Northern District of Illinois, the only issue before this Court with respect to transfer pursuant to section 1404 is whether transfer would be "for the convenience of parties and witnesses, in the interest of justice."

Pursuant to section 1412, "the party moving for the transfer

---

[13] Plaintiffs contest the propriety of the removal in general but do not contest that the removal statute provides for removal to this district rather than directly to the Northern District of Illinois.  Plaintiffs also do not genuinely contest that this action could be properly venued in the Northern District of Illinois.

must show by a preponderance of the evidence that the case should be transferred." *Matter of Commonwealth Oil Refining Co.*, Inc., 596 F.2d 1239, 1241 (5th Cir. 1979). "The 'interest of justice' component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness." *Zhang v. Rothrock*, 2006 WL 213951, at *1 (quoting *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2nd Cir. 1990)).

First, this Court considers whether transfer of these civil actions is proper pursuant to section 1412.[14] Some courts have interpreted section 1412 to apply only to core proceedings.[15] *See e.g., Rumore v. Wamstad*, No. Civ.A. 01-2997, 2001 WL 1426680

---

[14] Section 1412 was preceded by 28 U.S.C. § 1475. Section 1475 previously stated that "[a] bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties." Section 1475 fell into question, however, in the wake of *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). In *Northern Pipeline*, the Supreme Court held that portions of the Bankruptcy Act of 1978 were unconstitutional because they impermissibly vested judicial powers proper to Article III courts in non-Article III bankruptcy courts. *Id.* at 87. As a result, new legislation was passed, and § 1412 came to be.

[15] Core proceedings are not defined within 28. U.S.C. § 157, but the statute contains an illustrative enumeration. See 28 U.S.C. § 157(b)(1). The United States Eighth Circuit Court of Appeals has explained that "[c]ivil proceedings in a bankruptcy case are divided into two categories, core proceedings and non-core, related proceedings. Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy." *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773-74 (8th Cir. 1995) (citations omitted).

(E.D. La. Nov. 13, 2001) (citing *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32 (S.D.N.Y 2000)).  The Fifth Circuit has not yet determined whether section 1412's language, "under title 11," renders the statute applicable only to core proceedings or whether it is also applicable to proceedings that are merely related to a bankruptcy.  *See Bayou Steel Corp. v. Boltex Mfg. Co.*, No. Civ.A. 03-1045, 2003 WL 21276338, at *1 (E.D. La. June 2, 2003).  In *Bayou Steel Corp.*, the court avoided the issue of whether transfer of cases "related to" a bankruptcy was allowed under § 1412 by stating that the analysis underlying §§ 1412 and 1404 is "essentially the same" because both statutes require "a discretionary determination of whether the transfer will serve the convenience of the parties and the interests of justice." 2003 WL 21276338, at *1 n.2 (internal quotations omitted).  However, the *Bayou Steel* court noted that the analysis required by §§ 1412 and 1404 is the same only when "[t]he threshold step under section 1404 (*i.e.*, determining that the transferee forum is one in which the action could have been commenced originally)" has been met.  WL 21276338, at *1 n.2 (internal quotations omitted).[16]

It was recently noted by a district court that:

---

[16] The threshold step under section 1404, determining that the Northern District of Illinois is a forum in which the action could have been commenced originally, has been satisfied.  28 U.S.C. § 1409(a) provides venue in the district court in which a proceeding arising under title 11 or arising in or related to a case under title 11 is pending.

> Not all courts that have addressed [whether section 1412 applies to "related to" proceedings] have concluded that § 1412 is the proper statute under which to consider transferring a case "related to" a title 11 proceeding. Many courts have concluded that the general change of venue statute, 28 U.S.C. § 1404(a), is controlling. *See Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 677 (S.D.W. Va. 2005) (collecting numerous cases coming down on both sides). The difference is that in some cases, . . . the case would be transferable under § 1412 but not under § 1404(a). This is because under § 1404(a), the case can only be transferred if it could have been brought in the transferee district, while § 1412 has no such restriction.

*Baker v. Muscletech Research and Dev., Inc.*, No. 06-C-492, 2006 WL 1663748, at *1 (E.D. Wis. June 9, 2006).

This Court finds persuasive the argument that in enacting section 1412, Congress "did not intend to otherwise hamper the well settled principle that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation." *Baker*, 2006 WL 1663748, at *1; *see also Dunlap*, 331 B.R. at 679-80 (providing a textual analysis of the word "proceeding" in section 1412, stating "because section 1409(a) uses the term 'proceeding' to include an action 'related to a case under title 11[,]' it lends strong credence to the notion that the word 'proceeding[,]' as used in section 1412, should be accorded the same breadth"); *see* COLLIER ON BANKRUPTCY, ¶ 4.04(1) (rev 15th ed. 2006) ("Section 1412 of title 28 applies to changes of venue both of (a) cases under title 11 and (b) civil proceedings arising under title 11, or arising in or related to cases under title 11a."); *id.* at ¶ 4.04(4)(b)

-10-

("Jurisdiction is granted to the district courts by 28 U.S.C. § 1334(b) over civil proceedings . . . related to cases under title 11.  The appropriate venue for these proceedings is determined by 28 U.S.C. § 1409.  Section 1412 deals with motions for a change of venue in such proceedings."); *id.* at ¶ 4.04(5)(b) ("A few courts treat related claims and causes of action somewhat differently [than they do 'core' claims] for change-of-venue purposes, a conclusion not to be recommended."); *see also A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) (stating that for "cases related to the bankruptcy proceedings . . . the general statute [i.e., section 1412] would govern"); *Zhang v. Rothrock*, No. Civ.A. H-05-3461, 2006 WL 213951, at *1 (S.D. Tex. Jan. 25, 2006)(transferring a case "related to" a Chapter 13 bankruptcy pursuant to section 1412).  Accordingly, this Court holds that defendants' motions to transfer are properly considered under section 1412.

Pursuant to section 1412, this Court may order transfer of this matter to the Northern District of Illinois if it is "in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412.  In considering the interest of justice, this Court recognizes the strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending. *See Bayou Steel Corp.*, 2003 WL 21276338, at *1; *Rumore v. Wamstad*, No. Civ.A. 01-2997,

2001 WL 1426680, at *4 (E.D. La. Nov. 13, 2001)("Presumptively, civil adversary proceedings should be venued with the underlying bankruptcy case."); *see also AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, No. Civ. H-03-4973, 2004 WL 2278770, at *17 (S.D. Tex. Sept. 14, 2004) (citing *Hohl v. Bastian*, 279 B.R. 165, 177-78 (W.D. Pa. 2002) ("[T]he home court presumption provides that a court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts.")).

As in *Bayou Steel Corp.*, plaintiffs' pending motions for abstention and/or remand weigh in favor of transfer to the Northern District of Illinois.[17]  "The considerations behind [the presumption of transfer] are heightened here, because the determination under 28 U.S.C. § 157(b)(3) (*i.e.*, whether this proceeding is a "core" proceeding or is merely "related to" the bankruptcy case) is required in order to decide [plaintiffs' motions] for abstention and/or remand."  *Bayou Steel Corp.*, 2003

---

[17] Not only do plaintiffs' pending motions weigh in favor of transfer, but the debtor-IZ's pending motion to dismiss its bankruptcy petition also bolsters a determination that transfer is proper.  Plaintiffs argue, as does IZ in the Northern District of Illinois, that IZ is not an eligible Chapter 7 debtor.  *See* Rec. Doc. No. X, Marquette's supplemental memorandum in support of remand, pp. 2-4.  If the bankruptcy court determines that it must dismiss IZ's bankruptcy petition because IZ is not an eligible debtor pursuant to Chapter 7, then federal jurisdiction pursuant to 28 U.S.C. § 1334 would never have existed as the bankruptcy proceedings were never proper.  However, such a determination has not yet been made by the bankruptcy court.  Once the bankruptcy court does decide the fate of IZ's bankruptcy petition, that court will be in the best position to dispose of plaintiffs' arguments regarding remand and/or abstention.

WL 21276338, at *1 (citing *Consolidated Lewis Inv. Corp. v. First Nat'l Bank of Jefferson Parish*, 74 B.R. 648, 651 (E.D. La. 1987) ("Although plaintiffs have asked this Court to remand this action or in the alternative, abstain, to do so would deprive the bankruptcy court of a § 157(b)(3) determination."); *Nelson v. First Lenders Indem. Co.*, 1998 WL 378376, at *1 (N.D. Miss. 1998) (simultaneously confronted with a motion to transfer under § 1412 and a motion to remand, holding that removed claims should be "transferred for referral to the appropriate bankruptcy court to determine whether it should hear and determine these claims")). Accordingly, the interest of justice and the efficient administration of the bankruptcy estate strongly favor transfer so that the bankruptcy court can decide whether remand is necessary and/or whether abstention is either required or warranted.

Transfer pursuant to section 1412 may be proper even without a full showing regarding the convenience of the parties. *See* 28 U.S.C. § 1412 (specifying "interests of justice" or "convenience of the parties"); *see also* COLLIER ON BANKRUPTCY ¶ 4.04(4)(a) (explaining that a lesser standard is suggested in section 1412 than pursuant to section 1404 because of the disjunctive). Plaintiffs argue that transfer will deprive them of their choice of forum, inconvenience the parties and witnesses, cause prejudicial delay and frustrate factors concerning the public

interest.  Plaintiffs' argument, citing *Carona v. Falcon Services Co.*, 68 F. Supp. 2d 783, 786 (S.D. Tex. 1999)), that the transferee forum must be *more convenient* for the witnesses than the forum of plaintiffs' choice is unpersuasive.[18]  The cited authority contemplates a transfer under § 1404 which was predicated primarily on convenience of the witnesses and parties.  In this case, under § 1412, transfer can be predicated on the interest of justice alone.

This Court recognizes plaintiffs' objections to transfer, but notes that they are not sufficient to overcome the paramount interest in economically and efficiently administering the estate in bankruptcy.  *See Commonwealth Oil Refining Co., Inc.*, 596 F.2d at 1247 ("[T]he most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate.").  Therefore, the Court concludes that transfer pursuant to section 1412 is appropriate.

Even if defendants' motions to transfer were considered under section 1404, the Court finds that defendants have satisfied their burden of demonstrating that the case should be transferred to the alternate forum.  *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (noting that burden lies with defendant).  Pursuant to section 1404, in addition to the interest of justice, defendants must show that a transfer of

---

[18] *See* Rec. Doc. No. 19, p. 18.

-14-

venue would serve the convenience of the parties and witnesses.

> In determining whether transfer is warranted under section 1404(a), courts consider the private and public interest factors articulated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947).  The private interest factors are:  (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) the possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  The relevant public interest factors to be considered are: (1) the administrative difficulties resulting from court congestion; (2) the local interest in having localized controversies decided at home; (3) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty.  Courts also consider judicial economy, that is whether a transfer would avoid duplicative litigation and prevent waste of time and money.

*Jordan v. Dixie Pump and Supply, Inc.*, No. Civ.A. 05-4027, 2006 WL 861022, at *1 (E.D. La. Mar. 29, 2006).

Other than plaintiffs' choice of forum, none of the other factors weigh against transfer.  Specifically, plaintiffs' argument that proceeding in the Northern District of Illinois will be inconvenient for the parties[19] is especially unpersuasive because (1) none of the plaintiffs are located in Louisiana and (2) plaintiffs have already appeared before that court by filing memoranda in support of the debtor's motion to dismiss its

---

[19] See Rec. Doc. No. 19, p. 17.

petition for Chapter 7 relief.[20]  Moreover, based on the filings of the parties in the bankruptcy court, all of the parties clearly have some interest in the bankruptcy proceeding. Finally, with respect to the location of the witnesses, Trinity has shown, and plaintiffs have not controverted such showing, that Chicago is a closer forum for a number of potential witnesses in this matter.[21]

Having considered the private and public interest factors, the arguments of the parties and for the foregoing reasons, the Court also finds that defendants have met their burden and demonstrated under section 1404 that it is in the interest of justice and the convenience of the parties and witnesses to transfer these cases to the Northern District of Illinois, the "home court" where the bankruptcy is now pending, for the most economic and efficient administration of all matters related to the bankruptcy.

Accordingly, **IT IS ORDERED** that defendants' motions to transfer venue (Rec. Doc. Nos. 9 and 68) are **GRANTED.**

**IT IS FURTHER ORDERED** that these consolidated matters be transferred to the Northern District of Illinois, for referral to the Bankruptcy Court administering *In re: International Zinc*

---

[20] *See* Docket of *Int'l Zinc Coatings & Chem. Corp.*, Bankr. N.D. Ill. #06-01373, Rec. Doc. No. 34, 65 and 86.

[21] *See* Rec. Doc. No. 38, supplemental reply memorandum, exhibit 1.

*Coatings and Chemical Corp.*, No. 06-01373 (Bankr. N.D. Ill. 2006).

**IT IS FURTHER ORDERED** that defendants' motions to strike (Rec. Doc. Nos. 17 and 69) are **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' motions to remand and/or abstain (Rec. Doc. Nos. 8 and 67) are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this __11th__ day of August, 2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**